IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| OSWALD S. COPELAND, | |
| Plaintiff, | |
| v. | CIVIL NO.: WDQ-10-1158 |
| ECOLAB, INC., | |
| Defendant. | |

MEMORANDUM OPINION

Oswald S. Copeland sued Ecolab, Inc. ("Ecolab") for race, color, religion, sex, national origin, and age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Age Discrimination in Employment Act of 1967 ("ADEA").[2] For the following reasons, service on Ecolab will be quashed, and Ecolab's motion to dismiss will be denied.

I. Background[3]

Copeland is a "foreign-born"[4] African-American male over 60

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] 29 U.S.C. §§ 621 et seq.

[3] For Ecolab's motion to dismiss, the well-pled allegations in Copeland's complaint are accepted as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

[4] Copeland has not identified his birthplace.

years old. *See* Compl. 1; *id.*, Ex. 1 at 7. Ecolab is a Delaware corporation headquartered in Minnesota. ECF No. 7, Ex. 3.[5] It has a Maryland branch, where Neal Kassman is the Area Vice President. *See* Compl. 2; ECF No. 7, Ex. 5. Ecolab's resident agent in Maryland is Corporation Trust Incorporated.[6]

Since before September 2006, Copeland and his wife have run a website selling handmade skincare products. *See id.; id.*, Ex. 1 at 2. The website includes Copeland's personal cell phone number. Compl. 2.

In September 2006, Copeland began working as an Ecolab route sales manager in Maryland. *See id.* at 1-2; ECF No. 7, Ex. 5. Copeland was to use his personal cell phone for this job. Compl. 2. Ecolab agreed to reimburse a portion of his phone bill. *Id.*

In May 2007, Barry Baumel, who is Caucasian, became Kassman's "lieutenant" and Copeland's immediate supervisor. *See id.* at 3; *id.*, Ex. 1 at 5; ECF No. 7, Ex. 5. In July 2007, Copeland complained to Kassman that his work performance had been consistently, unfairly criticized by Baumel since May 2007. *See* Compl. 3; *id.*, Ex. 1 at 5-8.

---

[5] Ecolab provides "comprehensive cleaning and sanitizing programs and services." Ecolab, *Annual Report 2010* 1, http://www.ecolab.com/investor/pdf/CompleteAnnualReport.pdf.

[6] As provided by Ecolab. *See* ECF No. 7, Ex. 3 (Maryland Department of Assessments and Taxation verification).

2

On August 25, 2007, Kassman suspended Copeland. Compl. 2. Copeland was told that he was suspended for including his cell phone number on his website. *Id.* Kassman falsely accused Copeland of "using Ecolab's [reimbursement] money to further [his online] business." *Id.* On August 30, 2007, Ecolab told Copeland that he was terminated for maintaining an outside business. *See id.* at 4; ECF No. 7, Ex. 5.

On January 25, 2008, Copeland filed race discrimination and retaliation charges against Ecolab with the Office of Human Rights in Montgomery County, Maryland. *Id.* Copeland filed identical charges with the Equal Employment Opportunity Commission (the "EEOC") in Baltimore. *See* Compl. 1; ECF No. 7 at 10; Timmerman Decl. ¶ 3. Jeffrey A. Timmerman, Esquire[7] represented Ecolab in connection with the EEOC charges. *Id.* On February 16, 2010, the EEOC issued Copeland a right-to-sue notice. Compl., Ex. 1 at 1.

On May 5, 2010, Copeland filed this *pro se* suit against Ecolab for race, color, religion, sex, national origin, and age discrimination and retaliation in violation of Title VII and the ADEA. *See* Compl. 1, 4.

On June 11, 2010, Copeland attempted to serve Ecolab by having the United States Marshals Service deliver the summons

---

[7] Timmerman works in the Minnesota office of Littler Mendelson, P.C. Timmerman Decl. ¶ 1.

and complaint to Timmerman at his Minnesota office. ECF No. 5. Timmerman is not authorized to accept service of process for Ecolab in this case. Timmerman ¶ 7.

On September 22, 2010, Ecolab[8] moved to dismiss for insufficient service of process and failure to state a claim or, in the alternative, for summary judgment. ECF No. 7 at 1-2.

On October 13, 2010, Copeland requested an indefinite "postponement" to "further investigate this matter" and obtain his EEOC file. ECF No. 10 at 1. Copeland also sought permission to amend his complaint "based on the revelations in [his] file" and "effect service on the current agent, i.e. counselors for the defendant." Id. On October 15, 2010, Ecolab opposed Copeland's requests. ECF No. 11. On November 3, 2010, Copeland was granted 15 days to respond to Ecolab's motion. ECF No. 12. On November 18, 2010, Copeland sent a letter to the Court explaining that he had been unable to obtain his EEOC file, and disposition of the case was "therefore left [to] the [C]ourt." ECF No. 13 at 1.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss for insufficient service of process. When service is

---

[8] In this action, Ecolab is represented by Steven E. Kaplan, Esquire, who works in Littler Mendelson, P.C.'s Washington, DC office. ECF No. 7 at 16.

contested, "the plaintiff bears the burden of establishing the validity of service" under Fed. R. Civ. P. 4. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

Under Rule 4, Ecolab, a foreign corporation, must be served by (1) delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or (2) following the law of Maryland. Fed. R. Civ. P. 4(e), (h).

Under Maryland law:

> Service is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer. If the corporation . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. R. 2-124(d).

Maryland also permits service to be effected by mailing the summons and complaint to "the person to be served[9] . . . by certified mail requesting: Restricted Delivery--show to whom, date, address of delivery." Md. R. 2-121(a).

When service of process gives the defendant "actual notice" of the action, Rule 4 may be liberally construed. *O'Meara*, 464 F. Supp. 2d at 476; *see also Karlsson v. Rabinowitz*, 318 F.2d

---

[9] Such as an officer of the corporation. *See Academy of IRM v. LVI Envtl. Servs., Inc.*, 344 Md. 434, 445-50, 687 A.2d 669, 674-77 (1997).

666, 668 (4th Cir. 1963). But "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Insufficient service of process does not necessarily warrant dismissal. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983). Instead, service may be quashed and the plaintiff allowed to properly serve the defendant. *See id.*

B. Ecolab's Motion

Ecolab moves to dismiss for insufficient service because Copeland improperly attempted to serve Ecolab through Timmerman. ECF No. 7 at 4-6.[10] Copeland appears to concede that Ecolab has not been properly served.[11]

Copeland did not comply with federal or Maryland law for effecting service. He did not have the summons and complaint delivered or mailed to Corporation Trust Incorporated or to

---

[10] Ecolab alternatively moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, ECF No. 7 at 7-15; this will be denied without prejudice as moot, *see* discussion *infra* p. 8 n.17.

[11] *See* ECF No. 10 at 1 (seeking permission to "effect service on the current agent, *i.e.* counselors for the defendant" after obtaining his EEOC file); ECF No. 13 at 1 (explaining that he could not obtain his file and that ruling on Ecolab's motion was "therefore left [to] the [C]ourt").
  Service is not effected merely by serving the defendant's attorney. *See* discussion *infra* p. 7 nn.12-13.

6

Ecolab's president, secretary, treasurer, or other expressly or impliedly authorized officer or agent.

Copeland attempted to serve Ecolab by delivering the summons and complaint to Timmerman, who represented Ecolab against Copeland's EEOC charges.[12] Timmerman has averred that he is not a resident agent for Ecolab, and is not otherwise authorized to accept service on Ecolab's behalf.[13] Timmerman Decl. ¶ 7. Copeland has not contradicted Timmerman's declaration or opposed Ecolab's arguments. Thus, the attempt to serve Ecolab through Timmerman was insufficient.[14]

It appears that Ecolab received actual notice because it alternatively moved to dismiss for failure to state a claim.

---

[12] ECF Nos. 4-5; Timmerman Decl. ¶ 3.
Service of process is not effected merely by serving the defendant's current or former attorney. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) (plaintiff's attempt to effect service by serving the defendant's attorney failed because "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service"); *J. & L. Parking Corp. v. United States*, 834 F. Supp. 99, 102 (S.D.N.Y. 1993) (service of process invalid because former attorney "does not become a client's agent for service of process simply because she represented the client in an earlier action"), *aff'd*, 23 F.3d 397 (2d Cir. 1994).

[13] The plaintiff must demonstrate that the defendant's attorney "'exercised authority beyond the attorney-client relationship, including the power to accept service.'" *Davies v. Jobs & Adverts Online, Gmbh*, 94 F. Supp. 2d 719, 722 (E.D. Va. 2000) (*quoting Ziegler*, 111 F.3d at 881).

[14] *See, e.g., Davies*, 94 F. Supp. 2d at 722 (serving defendant's attorney was ineffective because the defendant had not explicitly or implicitly authorized its attorney to accept service).

ECF No. 7 at 8.[15] Given Ecolab's participation in this suit and Copeland's *pro se* status, dismissal would be inappropriate; Ecolab's motion to dismiss for insufficient service will be denied.[16] However, because Copeland "may not ignore[]" the rules for effecting service, service on Ecolab will be quashed. *Armco*, 733 F.2d at 1089; *Vorhees*, 697 F.2d at 576.[17] The Clerk shall reissue summons, and the United States Marshals Service shall attempt to effect service on Ecolab through Corporation Trust Incorporated.

III. Conclusion

For the reasons stated above, service on Ecolab will be quashed, and Ecolab's motion to dismiss will be denied.

_5/11/11_
Date

William D. Quarles, Jr.
United States District Judge

---

[15] *See, e.g., DeCosta v. U.S. Bancorp*, No. DKC 10-0301, 2010 WL 3824224, at *2 (D. Md. Sept. 27, 2010) (improperly served defendant received actual notice "as evidenced by [its] motion to dismiss [for failure to state a claim]").

[16] *See, e.g., Ngabo v. Le Pain Quotidien*, No. DKC 11-0096, 2011 WL 978654, at *1-*2 (D. Md. Mar. 17, 2011) (quashing insufficient service and providing *pro se* plaintiff another chance to properly serve the defendant).

[17] Because service on Ecolab will be quashed, its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied as moot, without prejudice to its renewal if service is properly made. *See, e.g., Witcher v. Mac Tools, Inc.*, 62 F.R.D. 708, 710 (M.D.N.C. 1974).