IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

OSWALD COPELAND,

    Plaintiff,

v.                           CIVIL NO.: WDQ-10-1158

ECOLAB, INC.,

    Defendant.

MEMORANDUM OPINION

Oswald Copeland, pro se, sued Ecolab, Inc. ("Ecolab") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Age Discrimination in Employment Act of 1967 (the "ADEA").[2] For the following reasons, Ecolab's motion to dismiss[3] will be granted in part and denied in part.

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] 29 U.S.C. §§ 621 et seq.

[3] Ecolab called its motion "Defendant's Renewed Motion to Dismiss Plaintiff's Complaint in its Entirety, or, in the Alternative, for Summary Judgment." ECF No. 19. The Court will treat it as a motion to dismiss. There has been no discovery. Ecolab relies on no evidence beyond the administrative charge that Copeland filed with the Equal Employment Opportunity Commission (the "EEOC") and Ecolab attached to its motion. In reviewing a motion to dismiss, the Court may consider not only allegations in the complaint but also documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176,

I. Background[4]

Copeland is a "foreign born"[5] black man. Compl., Ex. 1 at 7; Mem. in Supp. of Mot. to Dismiss, Ex. 1 [hereinafter Discrimination Charge]. Ecolab provides "comprehensive cleaning and sanitizing programs and services."[6] On September 11, 2006, Ecolab hired Copeland as a route sales manager. Id. Shortly thereafter, Copeland turned 60. Id.

In his job, Copeland was to use a personal cell phone; Ecolab agreed to reimburse a portion of his phone bill. Compl. 2. Copeland has a website listing his cell phone number. Id.

In December 2006, Copeland received an award for his "outstanding" work performance. Discrimination Charge. Copeland told Area Manager Neal Kassman about his interest in

---

180 (4th Cir. 2009). Neither party has disputed the authenticity of the discrimination charge, which was attached to Ecolab's motion to dismiss and is integral to the complaint's administrative history. See Cepada v. Bd. of Educ., WDQ-10-0537, 2011 WL 1636405, at *2 n.7 (D. Md. Apr. 28, 2011) (an administrative discrimination charge was integral to the administrative history of a subsequent civil discrimination complaint); see also Holowecki v. Fed. Express Corp., 440 F.3d 558, 565 (2d Cir. 2006) (plaintiffs' EEOC filings were integral to the complaint because plaintiffs relied on the filings to satisfy time limit requirements).

[4] For Ecolab's motion to dismiss, the well-pled allegations in Copeland's complaint are accepted as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

[5] Copeland has not identified his birthplace.

[6] Ecolab, Annual Report 2010 at 1, http://www.ecolab.com/investor/pdf/CompleteAnnualReport.pdf.

being promoted to territory manager. Compl. 3. Kassman referred Copeland to another Ecolab employee, Chuck Melnyk, to set up a meeting. *Id.* The meeting never took place. *Id.*

After he won the award, Copeland's "work environment became very hostile." Discrimination Charge. His work was always compared to a white coworker's. *Id.* Copeland's white supervisor, Barry Baumel,[7] did nothing to stop the disparate treatment. *Id.*; Compl., Ex. 1 at 7.

On July 24, 2007, Copeland complained to Kassman about the "disparate racial treatment" he had received from Baumel and his white coworkers. Discrimination Charge.

On August 25, 2007, Ecolab suspended Copeland after learning that "he had an online business and used the same telephone number for [his] online business and [his] regular job." Discrimination Charge; Compl. 2. A white coworker had an outside job as a bouncer at a nightclub but was not suspended. Discrimination Charge.

On August 30, 2007, Ecolab fired Copeland, saying he had lied about his outside business. Discrimination Charge. Kassman also falsely accused Copeland of "using Ecolab's

---

[7] Copeland referred to "Barry Bummel" in his Discrimination Charge, but his complaint contained an email he sent to "barry.baumel@ecolab.com." Discrimination Charge; Compl., Ex. 1 at 7.

3

[reimbursement] money to further [his online] business." Compl. 2.

"Leading up to [Copeland's] termination," Ecolab hired a firm to study "diversity in the workplace." Compl. 3. Employees were asked to "speak [their] minds" and Copeland was chosen to be a spokesman for his group. *Id.* Copeland said the group thought Ecolab was impersonal, "loved to micromanage," and "if you were not of the 'good old white boy' group, you remained static" while "others got promoted." Compl., Ex. 1, at 3. Afterward, Kassman was unkind to Copeland. Compl. 3.

On January 25, 2008, Copeland filed race discrimination and retaliation charges against Ecolab with the Office of Human Rights in Montgomery County and the EEOC in Baltimore. ECF No. 19, Ex. 1. On February 16, 2010, the EEOC issued Copeland's right-to-sue notice. Compl. 1, Ex. 1 at 1.

On May 5, 2010, Copeland sued Ecolab, alleging race, color, religion, sex, national origin, and age discrimination in violation of Title VII and the ADEA.[8] Compl. 1. In the complaint, Copeland noted that "[t]he EEOC has accepted that the white employee Sean Hoffman was terminated for having [an] outside business. But this is after I had raised that inequity." Compl. 4. He also noted that an Ecolab attorney had accused him of violating company policy by "blatantly lying

---

[8] The complaint did not allege retaliation.

4

about his operation of an outside business" but that he "was not provided with any evidence." Compl. 1-2 (internal quotation marks omitted).

On September 22, 2010, Ecolab moved to dismiss for insufficient service of process and failure to state a claim. ECF No. 7 at 1-2. On May 12, 2011, the Court ordered the summons to be reissued and served, and denied as moot Ecolab's motion to dismiss. ECF No. 16.

On July 8, 2011, Ecolab renewed its motion to dismiss. ECF No. 19. On July 18, 2011, Copeland opposed that motion. ECF No. 23. On July 20, 2011, Ecolab filed its reply. ECF No. 24.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a

legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. Ecolab's Motion to Dismiss

Copeland alleges that Ecolab violated Title VII and the ADEA when it suspended and fired him. Compl. 1; Discrimination Charge. In moving to dismiss, Ecolab argues that Copeland: (1) has failed to exhaust his administrative remedies for the claims alleging failure to promote and religion, color, sex, national origin, and age discrimination; (2) has not sufficiently pled a failure to promote claim; and (3) has not sufficiently pled discharge based on race discrimination. Mem. in Supp. of Mot. to Dismiss 5-12.

1. Exhaustion of Administrative Remedies

Before suing under Title VII or the ADEA, a plaintiff must exhaust his administrative remedies by filing an EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The charge defines the scope of the subsequent civil suit; the plaintiff's lawsuit can advance only those claims that are "reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

Thus, a plaintiff generally cannot bring a suit alleging discrimination on a basis not alleged in the EEOC charge.[9]

Nothing in Copeland's discrimination charge would have reasonably led to an administrative investigation of religion, color, sex, national origin, or age discrimination. *See Jones*, 551 F.3d at 300; *Bryant*, 288 F.3d at 132-33. Copeland marked only "race" and "retaliation" as the grounds for his discrimination charge. Discrimination Charge. His statement of particulars alleged "disparate racial treatment" after receiving an award, and suspension and termination after he complained about the disparate treatment. *Id.* Thus, the Court will dismiss his claims of religion, color, sex, national origin, and age discrimination.

To the extent that Copeland has asserted a failure to promote claim, it must also be dismissed. *See Dennis*, 55 F.3d at 156. Copeland's discrimination charge described disparate racial treatment, suspension, and termination, but said nothing about his being passed over for a promotion for unlawful

---

[9] *Jones*, 551 F.3d at 300. *See also Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002) (administrative charge alleging race discrimination would not reasonably lead to investigation of retaliation and color and sex discrimination); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (plaintiff could not bring suit for discrimination in hiring, training, or promotion when EEOC charge raised only disparate disciplinary treatment).

reasons. Accordingly, the Court will also dismiss his failure to promote claim.[10]

2. Sufficiency of Race Discrimination Claim

To state a *prima facie* race discrimination claim under Title VII, a plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Ecolab argues that Copeland has failed to allege the fourth element and "has pled himself out of Court" by describing a legitimate, non-discriminatory reason for being fired. Mem. in Supp. of Mot. to Dismiss 9.

Copeland has sufficiently pled that he was treated differently from similarly situated employees outside his protected class. In his discrimination charge, Copeland asserted that he was suspended and ultimately fired, his employer said it was because he had an outside business, and a white employee who had an outside job was not suspended. Discrimination Charge. His complaint noted that the EEOC had found that the white employee was terminated for having an

---

[10] Because the Court finds that Copeland failed to exhaust his administrative remedies for a failure to promote claim, the Court need not decide whether he alleged sufficient facts to support that claim.

9

outside business, not that Copeland agreed with the EEOC's finding. Compl. 4. Because EEOC findings are not binding on the Court,[11] Copeland was free to allege facts contrary to the agency's conclusions.

Copeland also did not defeat his claim by noting that an Ecolab attorney accused him of violating the company's policy by having an outside business. Once a plaintiff establishes a prima facie case of race discrimination, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "To accomplish this, the defendant must clearly set forth, *through the introduction of admissible evidence*, the reasons for the plaintiff's rejection." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981) (emphasis added).[12] Ecolab has not carried this burden by merely pointing to Copeland's description of the company's accusations

---

[11] *See Hollestelle v. Metro. Wash. Airports Auth.*, 145 F.3d 1324, 1998 WL 228199, at *4 n.6 (4th Cir. 1998) (finding no error in district court's exclusion of EEOC findings). *Accord Moore v. Devine*, 767 F.2d 1541, 1551 (11th Cir. 1985) ("EEOC findings are not binding with regard to subsequent discrimination suits in federal court"); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) ("EEOC determinations and findings of fact" are "not binding on the trier of fact").

[12] Only if the defendant meets this burden of production does the plaintiff need to show that the stated reason was a pretext. *McDonnell Douglas*, 411 U.S. at 804.

10

against him.[13] Copeland has alleged sufficient facts to survive Ecolab's motion to dismiss his race discrimination claim.

Accordingly, Ecolab's motion to dismiss will be granted as to Copeland's claims of failure to promote and religion, color, sex, national origin, and age discrimination, and denied as to Copeland's race discrimination claim for unlawful discharge.

III. Conclusion

For the reasons stated above, Ecolab's motion to dismiss will be granted in part and denied in part.

_11/28/11_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[13] Copeland has not admitted the truth of the Ecolab attorney's accusation. Thus, his case differs from *Lightner v. City of Wilmington*, 545 F.3d 260 (4th Cir. 2008). In *Lightner*, the Fourth Circuit affirmed the district court's grant of summary judgment to an employer, citing the plaintiff's "repeated admission" throughout discovery that "the real reason for his suspension" was not race or gender discrimination. *Id.* at 262-64.